IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| James Graham McCloud, | Case No. 4:10 CV 1814 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Harley G. Lappin, et al., | |
| Respondents. | |

## INTRODUCTION

Before the Court is *pro se* Petitioner James McCloud's Petition for Writ of Habeas Corpus (Doc. No. 1). Petitioner is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"). The Petition names Harley Lappin, Office Director, Administrative Remedy Coordinator Central Office; F.C.I. Elkton Warden J. T. Shartle; Case Manager Coordinator Kathy Coles; D-B Unit Manager Marylou Burns; D-B Case Manager Debra Winters-Gares; and Regional Director J. L. Norwood, as Respondents. Petitioner seeks removal of a "Third Management Variable" assigned to him by F.C.I. Elkton and transfer to a minimum security prison consistent with his custody classification. Petitioner does not define what a Third Management Variable is.

## BACKGROUND

Petitioner is serving a sentence imposed by the United States District Court for the Western District of Virginia. *United States v. McCloud*, No. 1:01-CR-0014-JPJ (W.D. Va. 2001) (Doc. No. 26). He is scheduled to be released from prison on February 6, 2014.

The substance of the Petition is a paragraph complaining about an undefined "MGTV" security classification. Petitioner claims he has maintained good conduct for the nine plus years he has been in prison. He argues the security classification is not supported by any specific findings (Doc. No. 1, p. 3). Petitioner affirms he has presented his grievance to the Bureau of Prisons ("BOP"). However, his grievance was denied by the BOP staff and the Administrative Remedy Coordinator failed to respond. *Id*. There are no additional relevant facts stated in the Petition.

### INITIAL REVIEW

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). At this stage, allegations in the Petition are taken as true and liberally construed in Petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Because Petitioner is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). For the reasons set forth below, however, the Petition lacks merit and is denied.

### 28 U.S.C. § 2241

In order to obtain relief under Section 2241, Petitioner must establish he is being held in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Not only does Petitioner fail to invoke any violation of the Constitution, laws, or treaties of the United States, his assertion of an improper BOP custody classification fails to state a claim.

The BOP classification procedure is within the discretion of the Attorney General as delegated to the Director of the BOP. 18 U.S.C. § 4081; 28 C.F.R. § 0.96. Congress has given federal prison officials "full discretion" to control the conditions of confinement, including prisoner classification, and prisoners have no legitimate constitutional entitlement to invoke due process claims. *Moody v.*

*Daggett*, 429 U.S. 78, 88 n. 9 (1976).  Because there is no Constitutional right to any particular security classification, federal habeas relief under Section 2241 is unavailable.

## CONCLUSION

Based on the foregoing, Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 3) is granted and this Petition is dismissed pursuant to 28 U.S.C. § 2243.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good  faith.

IT IS SO ORDERED.

                                       s/ *Jack Zouhary*
                                       JACK ZOUHARY
                                       U. S. DISTRICT JUDGE

                                       October 20, 2010